ALVIN N. HART v. SILAS D. McKEEN, CEPHAS G. WOOD-
BURY AND AARON GOODRICH.

Different causes of complaint, of the same nature, and between the same parties,
   may be united in one suit, where the same relief is asked; but where the causes
   of complaint are dissimilar in their nature, and would require different decrees, it
   would embarrass, rather than expedite, the administration of justice, to allow them
   to be united in the same bill.

A bill framed with a double aspect must be consistent with itself. It should not set
   up different and distinct causes of complaint that destroy each other.

DEMURRER for multifariousness.

June 11th, 1836, McKeen executed a mortgage to Oliver
B. Hart, who, April 28th, 1841, assigned the mortgage to
Alvin N. Hart, the complainant. December 25th, 1837,
McKeen executed another mortgage to the defendant Good-
rich. A. N. Hart acted as the agent of Goodrich in taking
this mortgage; and the bill alleged that, soon after it was
taken, a settlement of accounts took place between Hart
and Goodrich, in which it was agreed the mortgage should
become the property of Hart, but, through inadvertency,
no assignment of it was made to Hart, who then had, and
always had had, the mortgage and accompanying note in
his possession. May 2d, 1838, McKeen executed a third
mortgage to the defendant Woodbury. The bill alleged
this last mortgage, though taken in the name of Woodbury,
was for the benefit or use of Hart, to whom it in equity
belonged. December 12th, 1842, it was agreed between
Hart and McKeen the Woodbury and Goodrich mortgages
should be paid by the conveyance of certain real estate
by McKeen to Hart, and, on the twenty-third day of that
month, the agreement was consummated by the execution
and delivery of deeds of the real estate, and releases of
the mortgages. After the papers had been delivered,

McKeen being acting register of Lapeer county where the real estate is situated, Hart handed the deeds to him to be recorded, which he agreed to do; and, when subsequently applied to, to know whether it had been done, he said it had not, but that it should be done immediately. He afterwards said they had not been recorded, and he did not intend to record them; when Hart asked him to rescind the agreement, or redeliver the deeds to him, which he refused. The bill further stated that no proceedings had been had at law, &c., that there was a large sum due on the O. B. Hart mortgage, and also upon the Woodbury and Goodrich mortgages, if they had not been discharged by the aforesaid agreement of December; and prayed that McKeen might be decreed to have the deeds of conveyance recorded, and pay what was due on the O. B. Hart mortgage, or redeliver to complainant the Woodbury and Goodrich mortgages, and pay what is due on them, and in default thereof be foreclosed, and for other and further relief. McKeen demurred.

*H. N. Walker*, in support of the demurrer.

*E. B. Harrington*, contra.

THE CHANCELLOR. Complainant asks a decree for the deeds delivered by him to McKeen to be recorded, which McKeen had previously executed and delivered to him in payment of the Woodbury and Goodrich mortgages. He also asks a foreclosure of the O. B. Hart mortgage. This mortgage is in no way connected with the deeds. It did not, like the Woodbury and Goodrich mortgages, enter into the consideration of the deeds. It is in no respect whatever connected with the agreement of the twelfth of December. Can then these two separate and distinct transactions be united in one and the same bill?

Different causes of complaint, of the same nature, and between the same parties, may be united in one suit, where the same relief is asked; but where the causes of complaint are dissimilar in their nature, and would require different decrees, it would embarrass, rather than expedite, the administration of justice, to allow them to be united in the same bill. It is not for the interest of parties in equity, any more than at law, to mix up different transactions in the suit, having no affinity to each other. In the case of *The Attorney General* v. *Goldsmiths' Company*, 5 *Sim. R.* 675, the Vice Chancellor says, "I apprehend that, besides what Lord Redesdale has laid down on the subject, there is a rule arising out of the constant practice of the Court; and that it is not competent, where A. is sole plaintiff, and B. is sole defendant, for A. to unite in his bill against B. all sort of matters wherein they may be mutually concerned. If such a mode of proceeding were allowed, we should have A. filing a bill against B. praying to foreclose one mortgage, and, in the same bill, praying to redeem another, and asking many other kinds of relief with respect to many other subjects of complaint. *Calvert on Eq.* 87, 88, 89; *Johnson* v. *Johnson*, 1 *J. C. R.* 163. If Hart and McKeen were the only parties, the two causes of complaint, viz. the deeds and the O. B. Hart mortgage, are such as should not be united in one bill. They are unlike each other in every respect, and call for different decrees. If complainant should succeed, there would be one decree that McKeen deliver over the deeds which he wrongfully retains, and another that he pay what is due on the O. B. Hart mortgage, or in default thereof that the mortgaged premises be sold.

Complainant has framed his bill with a view to foreclose the Woodbury and Goodrich mortgages, should he fail in obtaining a decree for the deeds. As a foreclosure bill, it

is clearly multifarious, for Woodbury has no interest in the Goodrich mortgage, and Goodrich no interest in the Woodbury mortgage, and neither of them any interest in the O. B. Hart mortgage.

Waiving the question of multifariousness, could complainant have a decree of foreclosure of the Woodbury and Goodrich mortgages, should he fail as to the deeds? The bill sets forth the mortgages; it also states they formed the consideration of the deeds executed and delivered by McKeen to Hart on December twenty-third, and that they were then cancelled. Can complainant in the same bill set up two causes of complaint, one of which destroys the other? Will the rules of pleading allow him in one part of the bill to allege those mortgages have been paid, and in another, that they have not been paid? To reconcile these conflicting statements, and make the bill consistent with itself, I must look upon that part of the bill setting forth the mortgages as intended merely to show the consideration of the agreement of December, and of the deeds subsequently executed in pursuance of it; and upon that part of the prayer which asks a foreclosure of these mortgages, in case complainant should fail in regard to the deeds, as wholly inconsistent with the case made by the bill. "A proper case for a bill with a double aspect," says Chancellor Walworth, "is where the complainant is in doubt whether he is entitled to one kind of relief or another upon the facts of his case as stated in the bill. In such a case he may frame his prayer in the alternative; so that if the Court is against him, as to one kind of relief prayed for, he may still be entitled to obtain any other relief to which he is entitled, under the other part of the alternative prayer. So also where complainant is entitled to relief of some kind, upon the general facts stated in his bill, if the nature of the relief to which he is entitled de-

pends upon the existence or non-existence of a particular fact, or circumstance, which is not within his knowledge, but which is known to the defendant, he may allege his ignorance as to such fact, and call for a discovery thereof." *Loyd* v. *Brewster*, 4 *Paige R.* 537; *Colt* v. *Ross*, 2 *Paige R.* 396. A bill framed with a double aspect must be consistent with itself. It should not set up different and distinct causes of complaint that destroy each other.

Demurrer allowed and bill dismissed.